UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THOMAS BARGER,**

      **Plaintiff,**

v.                                              Case No: 6:23-cv-204-PGB-DCI

**TARGET CORPORATION and
JESSICA RESTO,**

      **Defendants.**

                                          /

## ORDER

This cause is before the Court on:

1. Defendant Jessica Resto's Motion to Dismiss for Fraudulent Joinder (Doc. 10 (the "**Motion to Dismiss**"));

2. Plaintiff's Response in Opposition (Doc. 18);

3. Plaintiff's Motion to Remand to State Court (Doc. 17 (the "**Motion to Remand**")); and

4. Defendant Target Corporation's Response in Opposition. (Doc. 19).

Upon due consideration, Defendant Resto's Motion to Dismiss is granted, and Plaintiff's Motion to Remand is denied.

I.  **BACKGROUND**

Plaintiff Barger sued Target Corporation and Ms. Jessica Resto in connection with a slip and fall that occurred at the Target store at 718 Maguire Boulevard, Orlando, Florida. (Doc. 1-1). The accident took place on November 16, 2020, and Mr. Barger asserts three causes of action. (*Id.*). In Count III, Mr. Barger alleged Ms. Resto was employed as a manager when the accident occurred. Accordingly, Mr. Barger alleges Ms. Resto is personally and individually liable to him because Ms. Resto was "directly responsible for maintaining, managing, supervising and/or operating the subject store" and breached duties owed to him as a business invitee. (*Id.* ¶¶ 19–25).

Target removed the matter to the United States District Court for the Middle District of Florida, Orlando Division, on the basis that Ms. Resto was fraudulently joined to defeat complete diversity. (Doc. 1). Target avers, and Mr. Barger does not dispute, that the amount in controversy exceeds $75,000.00. (*Id.* at pp. 6–7). Ms. Resto submitted a declaration supporting her Motion to Dismiss wherein she attests that she became the manager of the subject Target store in April 2021, after the November 16, 2020 accident, and has no knowledge relevant to the alleged slip and fall. (Doc. 10-1). In response, counsel for Mr. Barger submits the affidavit of Ms. Andrea Kelly, a paralegal employed by Plaintiff's counsel. (Docs. 17-2, 18). Ms. Kelly attests that on December 31, 2022, she went into the subject Target and "asked a male employee who the manager for the store was. He said Jessica Resto."

(Doc. 17-2). Ms. Kelly does not, however, claim the unidentified Target employee identified Ms. Resto as the manager at the time of the slip and fall two years prior.

The issue before the Court is simple and dispositive: Is Ms. Resto fraudulently joined when the uncontroverted evidence before the Court clearly and convincingly establishes that she was not the manager of the subject Target at the relevant time? The answer is yes, meaning the motion to dismiss must be granted, and the motion to remand denied.

## II.  STANDARD OF REVIEW

A civil action filed in state court may be removed to federal court if the controversy lies within the federal court's original jurisdiction. 28 U.S.C. § 1441(a). When a case is alleging only state law claims, a defendant may remove an action to federal court based upon diversity jurisdiction under 28 U.S.C. § 1332. *Stillwell v. Allstate Ins.*, 663 F.3d 1329, 1332 (11th Cir. 2011). Diversity jurisdiction exists when there is complete diversity amongst the parties—that is, the state citizenship of every plaintiff must differ from that of every defendant—and the threshold amount in controversy is met. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999).[1]

"When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking

---

[1]  Section 1332 confers jurisdiction to the district courts over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007). However, under the fraudulent joinder doctrine, a facially nondiverse action may nevertheless be removable if the defendant can satisfy the heavy burden of establishing that the nondiverse party was fraudulently joined. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). District courts must view factual allegations in the light most favorable to the plaintiff and resolve uncertainties in the plaintiff's favor. *Id.* However, "[w]hen a defendant presents an undisputed affidavit, the court cannot resolve the facts in the plaintiff's favor 'based solely on the unsupported allegations in the [plaintiff's] complaint.'" *Boyd v. Petco Animal Supplies Stores, Inc.*, No. 18-cv-639, 2018 WL 4360621, at *1 (M.D. Fla. Sept. 13, 2018) (quoting *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005)).

The party alleging fraudulent joinder has the burden of proving that either: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pritchard v. Wal-Mart Stores, Inc.*, No. 09-cv-46-T-24TGW, 2009 WL 580425, at *1 (M.D. Fla. Mar. 9, 2009)

(citations omitted). "The burden of establishing fraudulent joinder is a heavy one." *Id.* Where, as here, the Plaintiff alleges Ms. Resto is individually liable in tort, liability exists only if she was acting within the course and scope of her employment, owed the Plaintiff a duty, and that duty was breached through "personal (as opposed to technical or vicarious) fault." *Id.* (quoting *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357 (Fla. 1st DCA 2006).

## III. DISCUSSION

Ms. Resto submitted an affidavit in which she states under oath she was not the manager of the Target store on Maguire Boulevard when Plaintiff Barger slipped on a substance and was injured. Although Ms. Resto is currently the manager of the subject Target, the defense is correct that "[i]n Florida, there is no recognized cause of action for an *in abstentia* claim of negligent failure to maintain [a] store because Florida law requires that a corporate officer or agent be personally liable for negligence only if he or she participates in the tortious conduct." *Mulkins v. BJ's Wholesale Club,* No. 20-cv-2313-RBD-DCI, 2021 WL 2964543 (M.D. Fla. Feb. 16, 2021). Counsel for Mr. Barger attempts to negate Ms. Resto's affidavit by averring that he relied on Target's own employee in naming Ms. Resto as the manager who "'personally and individually' created the condition which injured him." (Doc. 17, p. 6). However, counsel's reliance is misplaced.

The declaration of Ms. Kelly, offered by Plaintiff Barger, merely states that on December 31, 2022—two years after the accident—a Target employee identified Ms. Resto as the *current* manager. (Doc. 17-2). Individual liability does not fall

5

upon an individual defendant who assumes the duties of a store manager two years after the accident occurred. Ms. Kelly's affidavit does not leave open to question whether Ms. Resto was the store manager in November 2020. It merely provides some evidence that as of December 2022, Ms. Resto was the manager. In short, Ms. Resto's sworn declaration that she did not become the manager of the subject store until April 2021 is unrebutted.

In *Prichard v. Wal-Mart*, the store manager was sued in her individual capacity after a customer fell ill having consumed peanut butter contaminated with a bacterial organism. *Prichard*, 2009 WL 580425, at *1. The store manager provided an unrebutted declaration that she learned of the contaminated peanut butter only after a recall was issued one month after the plaintiff purchased the product. *Id.* at *2. In granting the defendant's motion to dismiss, the Court held that it "resolves factual controversies in favor of the plaintiff only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. Where a defendant's sworn statements are undisputed by the plaintiff, the court may not resolve the facts in the [plaintiff's favor]." *Id.* at *3. The declaration of Ms. Kelly adds nothing to the unsupported allegations in the Plaintiff's complaint, and the Court may "not assume that the nonmoving party could or would prove the necessary facts."[2] *Id.* Accordingly, the Court finds Ms.

---

[2] Plaintiff Barger's reliance on *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997), in his Motion to Remand is unavailing. (*See* Doc. 17). The issue in *Coleman* was whether the current owner of property, which was contaminated with gasoline via underground storage tanks, was responsible for damage to the adjoining land owned by the plaintiff. *Crowe*, 113 F.3d at 1537–38. The trial court was confronted with a verified complaint that conflicted with the

Resto was improperly, i.e., fraudulently, joined and her motion to dismiss is due to be granted. For the same reason, Mr. Barger's motion to remand is due to be denied.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Jessica Resto's Motion to Dismiss for Fraudulent Joinder (Doc. 10) is **GRANTED**;

2. Plaintiff's Motion to Remand to State Court (Doc. 17) is **DENIED**; and

3. The Clerk of Court is **DIRECTED** to terminate Defendant Jessica Resto from the file.

**DONE AND ORDERED** in Orlando, Florida on May 1, 2023.

*[signature]*

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

defendant/landowner's declaration and inconsistent state jurisprudence on whether the current owner is liable for the continued intrusion of contaminants onto the plaintiff's property. *Id.* at 1541–42. On that record and recognizing the existence of a "reasonable basis for predicting that the state law *might* impose liability on the facts involved," the Eleventh Circuit reversed the trial court's order granting summary judgment in favor of the individual defendant. *Id.* at 1542. The instant case does not involve ambiguity in the law concerning the imposition of personal liability, and Ms. Resto's declaration is unrefuted.